| | |
|---|---|
| GERDA ZINNER AND STORY VANNESS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 3:23-cv-107 |
| ) | |
| KNOX COUNTY BOARD OF ) | |
| EDUCATION, et al. ) | |
| ) | |
| Defendants. ) | |

## KNOX COUNTY BOARD OF EDUCATION'S ANSWER TO COMPLAINT

Defendant Knox County Board of Education ("KCBE") respectfully submits this response to Plaintiffs' Complaint and states as follows:

1. KCBE admits that Plaintiffs purport to bring claims for discrimination. KCBE denies that it has discriminated against the Plaintiffs. KCBE further denies that Plaintiffs are entitled to any of the requested relief.

2. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and strict proof is demanded thereof.

3. KCBE admits that Plaintiff Van Ness was formerly employed as a special education teacher until resigning in July of 2022. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and strict proof is demanded thereof.

4. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and strict proof is demanded thereof.

5. In response to Paragraph 5, KCBE states that medical information speaks for itself and denies any inconsistent characterization thereof.

6. KCBE admits that Plaintiff VanNess was enrolled in the State of Tennessee Comprehensive Medical and Hospitalization Program (the "Program") until August 31, 2022, when coverage terminated as a result of Plaintiff VanNess's resignation. The remaining allegations in Paragraph 6 are denied and strict proof is demanded thereof.

7. Admitted.

8. In response to Paragraph 8, KCBE states that the Program documents speak for themselves and denies any inconsistent characterization thereof.

9. The allegations of Paragraph 9 are denied as stated.

10. The allegations of Paragraph 10 are denied as stated.

11. The allegations of Paragraph 11 are denied as stated.

12. The allegations of Paragraph 12 are denied as stated.

13. The allegations of Paragraph 13 are denied as stated.

14. The allegations of Paragraph 14 are denied as stated.

15. The allegations of Paragraph 15 are denied as stated.

16. The allegations of Paragraph 16 are denied as stated.

17. The allegations of Paragraph 17 are denied as stated.

18. The allegations of Paragraph 18 are denied as stated.

19. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and strict proof is demanded thereof.

## JURISDICTION AND VENUE

20. KCBE admits that Plaintiffs purport to bring claims pursuant to 42 U.S.C § 1983. KCBE denies Plaintiffs are entitled to relief.

21. The allegations in Paragraph 21 constitute a legal conclusion to which no response is required.

22. The allegations in Paragraph 22 constitute a legal conclusion to which no response is required.

23. The allegations in Paragraph 23 constitute a legal conclusion to which no response is required.

## PARTIES

24. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and strict proof is demanded thereof.

25. KCBE admits that Plaintiff VanNess was enrolled in the Program until August 31, 2022, when coverage terminated as a result of Plaintiff VanNess's resignation. Except as specifically stated, the allegations in Paragraph 25 are denied.

26. The allegations of Paragraph 26 are not directed at this Defendant and no response is required.

27. The allegations of Paragraph 27 are not directed at this Defendant and no response is required.

28. The allegations of Paragraph 28 are not directed at this Defendant and no response is required.

29. The allegations of Paragraph 29 are not directed at this Defendant and no response is required.

30. The allegations of Paragraph 30 are not directed at this Defendant and no response is required.

31. The allegations of Paragraph 31 are not directed at this Defendant and no response is required.

32. The allegations of Paragraph 32 are not directed at this Defendant and no response is required.

33. The allegations of Paragraph 33 are not directed at this Defendant and no response is required.

34. The allegations of Paragraph 34 are not directed at this Defendant and no response is required.

35. Admitted.

36. The allegations of Paragraph 36 are not directed at this Defendant and no response is required.

37. The allegations of Paragraph 37 are denied as stated.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

38. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and strict proof is demanded thereof.

39. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and strict proof is demanded thereof.

40. Admitted.

41. Admitted.

## FACTS

42. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and strict proof is demanded thereof.

43. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and strict proof is demanded thereof.

44. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and strict proof is demanded thereof.

45. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and strict proof is demanded thereof.

46. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and strict proof is demanded thereof.

47. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and strict proof is demanded thereof.

48. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and strict proof is demanded thereof.

49. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and strict proof is demanded thereof.

50. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and strict proof is demanded thereof.

51. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and accompanying footnote and strict proof is demanded thereof.

52. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and strict proof is demanded thereof.

53. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and strict proof is demanded thereof.

54. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and strict proof is demanded thereof.

55. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and strict proof is demanded thereof.

56. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and strict proof is demanded thereof.

57. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and strict proof is demanded thereof.

58. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and strict proof is demanded thereof.

59. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and strict proof is demanded thereof.

60. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and strict proof is demanded thereof.

61. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and strict proof is demanded thereof.

62. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and strict proof is demanded thereof.

63. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and strict proof is demanded thereof.

64. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and strict proof is demanded thereof.

65. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and strict proof is demanded thereof.

66. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and strict proof is demanded thereof.

67. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and strict proof is demanded thereof.

68. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and strict proof is demanded thereof.

69. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and strict proof is demanded thereof.

70. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and strict proof is demanded thereof.

71. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and strict proof is demanded thereof.

72. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and strict proof is demanded thereof.

73. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and strict proof is demanded thereof.

74. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and strict proof is demanded thereof.

75. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and strict proof is demanded thereof.

76. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and strict proof is demanded thereof.

77. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and strict proof is demanded thereof.

78. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and strict proof is demanded thereof.

79. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and strict proof is demanded thereof.

80. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and strict proof is demanded thereof.

81. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and strict proof is demanded thereof.

82. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and strict proof is demanded thereof.

83. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and strict proof is demanded thereof.

84. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and strict proof is demanded thereof.

85. KCBE admits that Plaintiff VanNess was employed as a special education teacher until resigning in July of 2022. Except as specifically admitted, KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and strict proof is demanded thereof.

86. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and strict proof is demanded thereof.

87. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and strict proof is demanded thereof.

88. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and strict proof is demanded thereof.

89. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and strict proof is demanded thereof.

90. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and strict proof is demanded thereof.

91. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and strict proof is demanded thereof.

92. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and strict proof is demanded thereof.

93. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and strict proof is demanded thereof.

94. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and strict proof is demanded thereof.

95. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and strict proof is demanded thereof.

96. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and strict proof is demanded thereof.

97. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and strict proof is demanded thereof.

98. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and strict proof is demanded thereof.

99. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and strict proof is demanded thereof.

100. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and strict proof is demanded thereof.

101. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and strict proof is demanded thereof.

102. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and strict proof is demanded thereof.

103. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and strict proof is demanded thereof.

104. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and strict proof is demanded thereof.

105. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and strict proof is demanded thereof.

106. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and strict proof is demanded thereof.

107. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and strict proof is demanded thereof.

108. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and strict proof is demanded thereof.

109. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and strict proof is demanded thereof.

110. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and strict proof is demanded thereof.

111. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and strict proof is demanded thereof.

112. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and strict proof is demanded thereof.

113. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and strict proof is demanded thereof.

114. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and strict proof is demanded thereof.

115. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and strict proof is demanded thereof.

116. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and strict proof is demanded thereof.

117. Admitted.

118. In response to Paragraph 118, KCBE states that the referenced statute speaks for itself and denies any inconsistent characterization thereof.

119. In response to Paragraph 119, KCBE states that the referenced statute speaks for itself and denies any inconsistent characterization thereof.

120. The allegations of Paragraph 120 are not directed at this Defendant and no response is required.

121. The allegations of Paragraph 121 are not directed at this Defendant and no response is required.

122. In response to Paragraph 122, KCBE states that the referenced statute speaks for itself and denies any inconsistent characterization thereof.

123. The allegations of Paragraph 123 are not directed at this Defendant and no response is required.

124. Admitted as to KCBE.

125. Admitted as to KCBE.

126. The allegations of Paragraph 126 are denied as stated.

127. Admitted.

128. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and strict proof is demanded thereof.

129. In response to Paragraph 129, KCBE states that the Program plans speak for themselves and deny any inconsistent characterization thereof.

130. In response to Paragraph 130, KCBE states that the Program plans speak for themselves and deny any inconsistent characterization thereof.

131. In response to Paragraph 131, KCBE states that the Program plans speak for themselves and deny any inconsistent characterization thereof.

132. In response to Paragraph 132, KCBE states that the Program plans speak for themselves and deny any inconsistent characterization thereof.

133. Admitted.

134. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and strict proof is demanded thereof.

135. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and strict proof is demanded thereof.

136. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and strict proof is demanded thereof.

137. The allegations of Paragraph 137 are denied as stated.

138. The allegations of Paragraph 138 are denied as stated.

139. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and strict proof is demanded thereof.

140. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and strict proof is demanded thereof.

141. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and strict proof is demanded thereof.

142. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and strict proof is demanded thereof.

143. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and strict proof is demanded thereof.

144. The allegations in Paragraph 144 constitute a legal conclusion to which no response is required.

145. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and strict proof is demanded thereof.

146. KCBE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and strict proof is demanded thereof.

147. The allegations of Paragraph 147 are denied as stated.

148. The allegations of Paragraph 148 are denied as stated.

149. The allegations of Paragraph 149 are denied as stated.

150. The allegations of Paragraph 150 are denied as stated.

151. The allegations of Paragraph 151 are denied as stated.

152. The allegations of Paragraph 152 are denied as stated.

153. The allegations of Paragraph 153 are denied as stated.

## CAUSES OF ACTION

154. KCBE incorporates by reference all of its responses to the preceding paragraphs as if set forth herein.

155. The allegations in Paragraph 155 constitute a legal conclusion to which no response is required.

156. In response to Paragraph 156, KCBE states that the Fourteenth Amendment speaks for itself and denies any inconsistent characterization thereof.

157. The allegations in Paragraph 157 constitute a legal conclusion to which no response is required.

158. The allegations of Paragraph 158 are denied as stated.

159. The allegations of Paragraph 159 are denied as stated.

160. KCBE incorporates by reference all of its responses to the preceding paragraphs as if fully set forth herein.

161. Title VII speaks for itself and KCBE denies any inconsistent characterization thereof.

162. The allegations in Paragraph 162 constitute a legal conclusion to which no response is required.

163. The allegations in Paragraph 163 constitute a legal conclusion to which no response is required.

164. The allegations of Paragraph 164 constitute a legal conclusion to which no response is required.

165. The allegations of Paragraph 165 are denied as stated.

166. KCBE incorporates by reference all of its responses to the preceding paragraphs as if fully set forth herein.

167. Title IX speaks for itself and KCBE denies any inconsistent characterization thereof.

168. The allegations of Paragraph 168 are denied as stated.

169. The remaining allegations constitute a jury demand and a prayer for relief to which no response is required. KCBE denies Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff VanNess lacks standing to obtain declaratory or injunctive relief because the Plaintiff is no longer employed by KCBE and is not a participant in the Local Education Program.

3. At all times hereto, KCBE and their agents, employees, and officers acted properly, prudently, correctly, in good faith, and in accordance with both state and federal law.

4. KCBE is immune by virtue of doctrines of common law immunity, qualified immunity, qualified good faith immunity, sovereign immunity, and governmental immunity, as the same may apply to the facts and circumstances herein.

5. Neither KCBE nor any Knox County agents, employees, or officers violated any of the Plaintiff's rights pursuant to the Constitution of the United States, Title VII, or Title IX.

6. No policy, custom, or practice of Knox County was the moving force behind the alleged violation of Plaintiffs' rights referenced in the Complaint.

7. Pursuant to 42 U.S.C. § 1988 if KCBE prevail on any federal claims under 42 U.S.C. § 1983, this Court should allow KCBE to recover from Plaintiffs its reasonable attorneys fees and costs to defend this action.

8. Plaintiffs are not entitled to recover any damages against KCBE for any amounts, or for attorney's fees, expert fees, or other costs in this action.

Respectfully submitted.

s/ *Jessica Jernigan-Johnson*
Jessica Jernigan-Johnson (BPR #032192)
David M. Sanders (BPR #016885)
Senior Deputy Knox County Law Director
400 Main Street, Suite 612
Knoxville, TN 37902
(865) 215-2327
Attorney for Knox County
Board of Education

# **CERTIFICATE OF SERVICE**

I certify that on August 8, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

Ezra Cukor (admitted *pro hac vice*)
Z Gabriel Arkles (admitted *pro hac vice*)
Andrea Green (admitted *pro hac vice*)
Shayna Medley (admitted *pro hac vice*)
TRANSGENDER LEGAL DEFENSE
  AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
ecukor@transgenderlegal.org
garkles@transgenderlegal.org
agreen@transgenderlegal.org
smedley@transgenderlegal.org

J. Scott Hickman (No. 17407)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Ave. South, Suite 1100
Nashville, TN 37201
shickman@srvhlaw.com

Phillip F. Cramer (No. 20697)
SPERLING & SLATER, LLC
150 3rd Ave. South, Suite 1100
Nashville, TN 37201
pcramer@sperling-law.com

Darren Teshima (admitted *pro hac vice*)
Udit Sood (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
DTeshima@cov.com
USood@cov.com

Natalie Ritchie (admitted *pro hac vice*)
Elaine H. Nguyen (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
850 Tenth Street, NW
Washington, D.C. 20001-4956
NRitchie@cov.com
ENguyen@cov.com

17

Case 3:23-cv-00535    Document 49    Filed 08/08/23    Page 17 of 18 PageID #: 340

Robert Winson (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
RWinson@cov.com
*Counsel for Plaintiffs*

Ryan N. Henry
Tennessee Attorney General's Office
500 MLK Jr. Blvd.
Nashville, TN 37243
(615) 532-2935
Ryan.henry@ag.tn.gov

Steven James Griffin
Tennessee Attorney General's Office
P. O. Box 20207
Nashville, TN 3 7202
steven.griffin@ag.tn.gov
*Counsel for State Defendants*

                                          s/ *Jessica Jernigan-Johnson*
                                          JESSICA JERNIGAN-JOHNSON