IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GERDA ZINNER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-00535 |
| | ) | |
| STATE OF TENNESSEE, ET AL. | ) | Judge Aleta A. Trauger |
| | ) | |
| Defendants. | ) | |

**SUR-REBUTTAL MEMORDANDUM IN SUPPORT OF
STATE DEFENDANTS' MOTION TO DISMISS**

INTRODUCTION

Many of the arguments Plaintiffs have made in opposition to the State Defendants' Motion to Dismiss regarding the merits of their sex-discrimination claims are virtually identical to the arguments that were considered and rejected by the Sixth Circuit in *L.W. v. Skrmetti*, — F.3d —, 2023 WL 6321688 (6th Cir. 2023). And although *L.W.* dealt with a motion for preliminary injunction, the Sixth Circuit's ruling was based on its binding analysis of legal standards applicable to the claims asserted here. Plaintiffs' Sur-Reply in many ways misconstrues or contradicts *L.W.*, as discussed below. Because Plaintiffs cannot state a plausible claim against any of the State Defendants under either the Equal Protection Clause, Title VII, or Title IX, these Defendants should be dismissed.

ARGUMENT

I. **Plaintiffs Fail to Establish a Plausible Equal Protection Claim on the Merits**.

   A. **The Plans treat both sexes equally**.

Plaintiffs still cannot show that the Exclusion uses "sex classifications to bestow unequal treatment on men and women," as required to establish their Equal Protection claim. *L.W.*, 2023 WL 6321688, at *16. Plaintiffs nowhere allege that the Plans "apply one rule for males and another for females" or "prefer one sex over the other." *Id.*, at *13. For any given diagnosis, the Plans provide the same benefits to *all* Plan members and "treat both sexes equally." *Id.*, at *15; *see* State Plan [ECF 53-1]; Local Ed. Plan [ECF53-2]. Plaintiffs' arguments to the contrary were squarely rejected by *L.W.*

Plaintiffs first misconstrue the laws at issue in *L.W.* in an effort to distinguish them from the Exclusion challenged here. Plaintiffs assert that the laws prohibiting sex-transition procedures for minors classify based on age and medical condition, while the Exclusion does not. But Plaintiffs ignore that the Tennessee law at issue in *L.W.* prohibited such procedures not only when used to treat gender dysphoria, but *also* when used simply for the purpose of "[e]nabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex," without regard to any diagnosis. *L.W.*, 2023 WL 6321688, at *3 (quoting Tenn. Code Ann. § 68-33-103(a)(1)). Under the laws at issue in *L.W.*, "no minor may receive puberty blockers or surgery *in order to transition from one sex to another*"—i.e., for the purpose of sex transformation—just as no one may receive coverage for sex-transition

surgery under the Plans here. *Id.* at \*13 (emphasis added). "Such an across-the-board regulation lacks any of the hallmarks of sex discrimination." *Id.* And *L.W.* explicitly rejected Plaintiffs' argument that a treatment given to a male for the purpose of sex transition is the same treatment when given to a female for a different purpose. *Id.* at \*14. By excluding coverage for sex-transition treatments for "all [Plan members]," the challenged Exclusion "do[es] not constitute a denial of the equal protection of the laws." *Id.* at 13. Plaintiffs have not alleged any facts whatsoever that would establish otherwise.[1]

Plaintiffs further argue that because the Exclusion contains "sex-based terms," i.e., "*sex* transformation," it "classifies based on sex" and triggers heightened review. Pltf. Sur-Reply at 2. But "[f]or equal protection purposes . . . a law does not *classify* based on sex whenever it uses sex-related language." *L.W.*, 2023 WL 6321688, at \*15 (cleaned up). Mere "references to 'enduring' differences between men and women do not trigger heightened review." *Id.* at \*16 (citing *U.S. v. Virginia*, 518 U.S. 515, 533 (1996)). Otherwise, "every medical condition, procedure, and drug having any relation to biological sex could not be regulated without running the gauntlet of skeptical judicial review." *Id.* at \*15. For example, *L.W.* noted that a State law requiring health insurance companies to cover treatments for gender dysphoria only for patients above a certain age would not be subject to heightened review simply because it contains the word "sex" or "gender." *Id.* Neither would laws regulating abortion, virtually all of which use gendered terms—including the law at issue in *Dobbs*. *See* Miss. Code Ann. § 41-41-191 (calculating gestational age "from the first day of the last menstrual period of the pregnant woman"). Nor would laws banning "female genital mutilation." *L.W.*, 2023 WL 6321688, at \*14 (citing 18 U.S.C. § 116(a)(1)). The Court must analyze the actual challenge raised— whether the challenged Exclusion "bestows unequal treatment on men and women." *Id.* at \*16. Like the laws at issue in *L.W.*, it does not.

The Sixth Circuit also considered and rejected Plaintiffs' argument that *Bostock* should apply in the equal-protection context, holding that *Bostock*'s "text-driven reasoning" applies only to Title

---

[1] Any question as to what treatment is covered or excluded by the Plans at issue here is resolved by the plain language of the Plan Documents themselves, which are referenced in the Complaint and attached as exhibits to the Motion to Dismiss. *See* State Plan [ECF 53-1]; Local Ed. Plan [ECF 53-2].

2

VII. *L.W.*, 2023 WL 6321688, at *16-17 (citing *Pelcha*, 988 F.3d 318, 324 (6th Cir. 2021); *Meriwether v. Hartop*, 992 F.3d 492, 510 n.4 (6th Cir. 2021)). Justice Gorsuch, who authored *Bostock*, agrees. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 143 S.Ct. 2141, 2209, 2220 (2023) (Gorsuch, J., concurring) (distinguishing Equal Protection Clause from anti-discrimination statutes); *see also Eknes-Tucker v. Governor of Ala.*, — F.4th at —, 2023 WL 5344981, at *16 (11th Cir. 2023).

*L.W.* likewise precludes Plaintiffs' reliance on *Smith v. City of Salem*, 378 F.3d 566 (6th Cir. 2004), to argue that the Exclusion relies on "stereotypes" about "how women or men should look and behave." Pltf. Sur-Reply at 3-4. The *L.W.* dissent made the exact same argument. *L.W.*, 2023 WL 6321688, at *29, *33-34 (White, J., dissenting). But the *L.W.* majority held that *Smith*'s sex-stereotyping decision did not "extend … beyond claims about discrimination over dress or appearance," which laws regulating sex-transition procedures "do not regulate." 2023 WL 632188, at *17-18 (explaining that laws restricting access to sex-transition procedures "do not deny anyone general healthcare treatment based on any such stereotypes"). The Eleventh Circuit recently reached the same conclusion. *See Eknes-Tucker*, 2023 WL 5344981, at *17 (reasoning that ban on sex-transition procedures "does not further any particular gender stereotype" and "simply reflects biological differences").

In all ways, *L.W.* confirms that the challenged Exclusion—like Tennessee's law banning sex-transition procedures for minors—"treat[s] both sexes equally," 2023 WL 6321688, at *15.

Plaintiffs acknowledge that where, as here, a law or policy is sex neutral, a challenger must show that the State adopted it "because of, not in spite of, any alleged unequal treatment." *L.W.*, 2023 WL 6321688, at *15. Yet Plaintiffs allege no facts showing that the Exclusion was intended to discriminate against any identified group. Instead, they argue that because the Exclusion does not contain an age limitation—as do the laws at issue in *L.W.*—the Court could infer that it was adopted out of animus toward transgender individuals. Pltf. Sur-Reply at 4. Nonsense. Plaintiffs do not dispute that the Plans *do* cover "psychological treatment and counseling" (State Plan at 478; Local Ed. Plan at 618) to help alleviate any "anxiety, depression, difficulty with social functioning, and suicidality" related to gender dysphoria. Compl. at ¶46. A policy "premised only on animus toward the transgender community would not" do so. *See L.W.*, 2023 WL 632188, at *17-18. Plaintiffs also do not dispute that

3

BCBST itself excludes coverage for the "facial feminization" procedures sought by VanNess—independent of the State-sponsored Plans at issue here. *See* Defs. Reply at 5. The Court's task here is to determine whether the challenged Exclusion is "inexplicable by anything but animus." *L.W.*, 2023 WL 632188, at *19 (citing *Trump v. Hawaii*, 138 S.Ct. 2392, 2421 (2018). Even at the motion-to-dismiss stage, Plaintiffs' "vague and conclusory assertions" in that regard are insufficient. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016); *see Laporte v. City of Nashville*, 2019 WL 845413, at *4 (M.D. Tenn. Feb. 21, 2019).

      **B**.    **The Exclusion satisfies rational basis review**.[2]

Under rational basis review—the proper standard of judicial scrutiny here—State action carries a "strong presumption of validity" and must be upheld by the Court unless Plaintiffs can "negative every conceivable basis which might support it." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (quotations omitted). Even if the Court were to ignore *L.W.*'s holding that "the relevant medical and regulatory authorities are not of one mind about the cost-benefit tradeoffs" of sex-transition procedures, 2023 WL 6321688, at *11, as Plaintiffs ask it to do, Plaintiffs still cannot plausibly overcome rational basis review. Plaintiffs do not dispute that policymakers could rationally decide to allocate the State's limited resources to "other helpful, less risky, and non-irreversible treatments" for gender dysphoria, such as psychological treatment and counseling. *Id.* at *13. Nor do Plaintiffs dispute that increasing coverage would increase the financial burden to both Tennessee and other Plan members. *See Geduldig*, 417 U.S. at 495-96. Making these types of complex line-drawing decisions easily falls within the deference afforded State policymakers under rational basis review.

**II.**    **Plaintiffs Fail to Establish a Plausible Title VII Claim on the Merits.**

Plaintiffs also argue that *L.W.* does not foreclose their Title VII claims. Although *L.W.* did not include claims brought under Title VII, it clearly undermines Plaintiffs' sex-stereotyping argument. *See* 2023 WL 632188, at *17-18; *accord Eknes-Tucker*, 2023 WL 5344981, at *17. At bottom, Plaintiffs' Title VII claims should be dismissed because, as previously discussed, the Complaint fails to plausibly

---

[2] Plaintiffs do not address *L.W.*'s holding that transgender individuals do not constitute a suspect class triggering heightened scrutiny, 2023 WL 6321688, at *18-19, and appear to have abandoned their argument in that regard.

4

establish that "changing [their] sex" would have "yielded a different choice," *Bostock*, 140 S.Ct. at 1741, or that any Defendant acted with "discriminatory intent." *Ricci*, 557 U.S. at 577. That hasn't changed.

**III.     Zinner Fails to Establish a Plausible Title IX Claim on the Merits.**

Plaintiffs downplay *L.W.*'s relevance to Title IX. But, as noted above, *L.W.* clearly undermines Plaintiffs' sex-stereotyping argument. And *L.W.* thwarts Plaintiffs' reliance on *Bostock* for the proposition that discrimination on the basis of transgender status constitutes sex discrimination under Title IX. 2023 WL 6321688, at *16 (finding *Bostock*'s "reasoning applies only to Title VII" and citing prior Sixth Circuit precedent "reasoning that Title VII analysis does not apply to Title IX") (citing *Meriwether*, 992 F.3d at 510 n.4); *see also Pelcha*, 988 F.3d at 324 (*"Bostock* extends no further than Title VII").

Plaintiffs' arguments regarding the reach of Title IX are also contradicted by prior precedent in this Circuit that aligns with *L.W.*'s analysis. In *Polonczyk v. Anthem BlueCross & BlueShield*, 586 F. Supp. 3d 648 (E.D. Ky. Feb. 23, 2022), the plaintiff asserted a sex-discrimination claim against a health insurance carrier under the Affordable Care Act—which prohibits discrimination on the same grounds as Title IX (*see* 42 U.S.C. § 18116(a))—after it denied coverage for facial surgeries that the plaintiff's physician said were medically necessary to treat the plaintiff's gender dysphoria. The plaintiff—just like Plaintiffs here—argued the exclusion discriminated "based on transgender status and gender non-conformity," and that "non-transgender employees receive coverage for all of their medically necessary healthcare, but transgender individuals do not." *Id.* at 656. The court found that assertion to be "demonstrably false" and did not "plausibly allege intentional discrimination" because—like the laws in *L.W.* and the Exclusion challenged here—the exclusion "applies to *every* Plan participant, regardless of their sex" or "status as a transgender or non-transgender individual." *Id.* at 656-57. And the carrier's failure to change the exclusion after the plaintiff informed it of the "discriminatory consequences she was suffering" due to the denials did not show "discriminatory intent," as required in a Title IX claim. *Id.* at 656. Accordingly, the court granted the carrier's motion to dismiss the ACA/Title IX claim against it for failure to state a claim. *Id.* at 657. The same result is warranted here.

**CONCLUSION**

Each of Plaintiffs' claims against the State Defendants should be dismissed as a matter of law.

5

Dated: October 18, 2023                    Respectfully submitted,

*/s/ Steven J. Griffin*
Steven J. Griffin (Bar No. 40708)
  Senior Counsel
Ryan N. Henry (Bar No. 40028)
Reed N. Smith (Bar No. 40059)
Brooke A. Huppenthal (Bar No. 40276)
  Assistant Attorneys General
OFFICE OF THE TENNESSEE ATTORNEY
GENERAL & REPORTER
P.O. Box 20207
Nashville, TN 37202-0207
Phone: 615-741-9598
steven.griffin@ag.tn.gov
ryan.henry@ag.tn.gov
reed.smith@ag.tn.gov
brooke.huppenthal@ag.tn.gov

*Counsel for State Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, the undersigned filed the foregoing document using the Court's Electronic Court-Filing system, which sent notice of filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Ezra Cukor<br>Z. Gabriel Arkles<br>Shayna Medley<br>Transgender Legal Defense and Education Fund, Inc.<br>520 8th Ave, Ste. 2204<br>New York, NY 10018<br>Telephone: (646) 862-9396<br>Facsimile: (646) 993-1686<br>ecukor@transgenderlegal.org<br>garkles@transgenderlegal.org<br>smedley@transgenderlegal.org<br><br>J. Scott Hickman (No. 17407)<br>Sherrard Roe Voigt & Harbison, PLC<br>150 3rd Ave. South, Suite 1100<br>Nashville, TN 37201<br>Telephone: (615) 742-4200<br>Facsimile: (615) 742-4539<br>shickan@srvhlaw.com<br><br>Phillip F. Cramer (No. 20697)<br>Sperling and Slater, LLC<br>150 3rd Ave. South, Suite 1100<br>Nashville, TN 37201<br>Telephone: (615) 742-4535<br>pcramer@sperling-law.com<br><br>Darren Teshima<br>Covington & Burling, LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, California 94105-2533<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>E-mail: DTeshima@cov.com<br><br>Natalie Ritchie | Counsel for Plaintiffs |

| | |
|---|---|
| Elaine H. Nguyen<br>Covington & Burling, LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, D.C. 20001-4956<br>Telephone: (202) 662-6000<br>Facsimile: (202) 778-5465<br>E-mail: NRitchie@cov.com<br>E-mail: ENguyen@cov.com<br><br>Robert Winson<br>Covington & Burling, LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>Facsimile: (424) 332-4749<br>E-mail: RWinson@cov.com | |
| David M. Sanders<br>Jessica Jernigan-Johnson<br>Knox County, Tennessee<br>400 W. Main St., Suite 612<br>City-County Building<br>Knoxville, Tennessee 37902<br>Telephone: 865-215-3236<br>Facsimile: 865-215-2936<br>David.Sanders@knoxcounty.org<br>Jessica.Johnson@knoxcounty.org | Counsel for Defendant Knox County Board of Education |
| Kimberly S. Veirs<br>S. Jae Lim<br>Ejaz H. Baluch, Jr.<br>Jennifer M. Swedish<br>United States Attorney's Office<br>719 Church Street, Suite 3300<br>Nashville, TN 37203<br>Telephone: (615) 736-5151<br>Kimberly.Veirs@usdoj.gov<br>Jae.Lim@usdoj.gov<br>Ejaz.Baluch@usdoj.gov<br>Jennifer.Swedish@usdoj.gov | Counsel for Interested Party United States of America |

Respectfully submitted,

*/s/ Steven J. Griffin*
STEVEN J. GRIFFIN