| | | |
|---|---|---|
| GERDA ZINNER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  3:23-cv-107 |
| | ) | |
| KNOX COUNTY BOARD OF | ) | |
| EDUCATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**KNOX COUNTY BOARD OF EDUCATION'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Knox County Board of Education ("KCBOE") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss.  In further support of this Motion, KCBOE states as follows:

**FACTUAL BACKGROUND**

Plaintiffs Gerda Zinner, Jordan Story VanNess, and Aemilia Hamel ("Plaintiffs"), who identify as transgender, were denied coverage for certain medical procedures under their State-sponsored health insurance plans.  The coverage was denied based on an exclusion in the Plan which excludes coverage for "surgery or treatment for, or related to, sex transformations."  First Amended Compl., ¶ 9, PageID# 877.  Notably, Plaintiff VanNess is the only plaintiff employed in the Knox County School system.  *Id.*, ¶ 26, PageID # 879.  The remaining plaintiffs are employed by other state entities.  *Id.*, ¶ 25, 27. Public school systems within the state of Tennessee were established by the Constitution of the State of Tennessee.  *See* Art. 11, § 19, Tenn. Const.  Thus, "[p]ublic education is, at core, a state rather than a county or municipal

function and the general education statutes set forth a uniform statewide system of public education." *Rollins v. Wilson Cnty. Gov't*, 967 F. Supp. 990, 996 (M.D. Tenn. 1997). KCBOE is the elected body which manages and controls the Knox County, Tennessee school system. See Tenn. Code Ann. 49-2-203(a)(2) ("It is the duty of the local board of education to… [m]anage and control all public schools established… under its jurisdiction….") and Knox County Charter, Sec. 6.01.A: "The exclusive management and control of the school system of Knox County… is vested in the Knox County Board of Education…." KCBOE is a local education agency ("LEA") under Tennessee Code Annotated § 49-3-104.

The State of Tennessee Comprehensive Medical and Hospitalization Program provides health care benefits to eligible public employees, retirees, and dependents. Tenn. Code Ann. § 8-27-101. As the LEA, KCBOE has elected to offer the Local Education Plan to its employees pursuant to Tenn. Code Ann. § 8-27-303(a)(2). The Plaintiffs' First Amended Complaint acknowledges that "[t]he State Committee and LE Committee . . . each approve the plans to be offered under the Program, including the Local Education Plan (of which Plaintiff VanNess is a participant) and are ultimately responsible for determining the plans' 'premiums, benefits package, funding method, administrative procedures, eligibility provisions, and rules.'" *Id.*, ¶ 155, PageID # 903 (quoting Tenn. Code Ann. § 8-27-202(a)-(b), 302(a)-(b)). KCBOE does not determine the premiums or benefits package. Plaintiffs have only alleged that KCBOE is responsible for "complying with Program regulations," "ensuring that their employees are able to participate in the Program," "providing enrollment materials, legal notices, and plan documents," "providing enrollment instruction and assistance," "providing enrollment form," and ensuring that premiums are deducted from employees' paychecks as well as paying a portion of the premiums. *Id.*, ¶ 160, PageID # 904-05. Per KCBOE policy, full-time employees can elect to

join the Local Education Plan, but are not required to join.  It is a fully voluntary program which leaves employees free to obtain health insurance from another source or elect to join the Local Education Plan.

**LEGAL STANDARD**

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), the Supreme Court adopted a "plausibility" standard for deciding Rule 12(b)(6) motions.  *Id.* at 559–60.  The Court expressed a specific concern that liberal pleading rules, along with expansive discovery, would pressure defendants to settle meritless antitrust cases.  *Id.*  In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Court made clear that *Twombly's* "plausibility" standard applies in all civil cases, not just antitrust cases.  *Id.* at 677–78.

Citing *Twombly*, the Supreme Court in *Iqbal* articulated a new, two-step process for evaluating a complaint under Rule 12(b)(6): (1) "conclusory" allegations must be excluded from the analysis of the complaint; and (2) a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face."  *Id*.  The Court held that Mr. Iqbal's complaint did not "nudge . . . across the line from conceivable to plausible." *Id*. at 681.

"[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  The complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough "factual matter" to raise a "plausible" inference of wrongdoing.  *Id*.  The complaint must contain enough "facts" to state a claim to relief that is plausible on its face.  *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011).  "The plausibility of an inference depends on a host of considerations,

including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Although the existence of a more likely alternative explanation does not in itself entitle a defendant to dismissal, if the facts alleged are consistent with both legal conduct and "purposeful" conduct taken with improper motive, "the existence of obvious alternative explanations simply illustrates the unreasonableness of the inference sought and the implausibility of the claims made." *Id.* at 505–06. Plaintiffs must show "more than a sheer possibility that a defendant has acted unlawfully." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). The factual allegations must be enough to raise a right to relief above the "speculative level." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012).

## ARGUMENT

### I.     Adoption of State Defendants' Motion to Dismiss.

In the interest of judicial economy, KCBOE adopts and incorporates by reference the arguments made by the State Defendants in their Motion to Dismiss the First Amended Complaint and incorporated Memorandum of Law, specifically argument Sections IA-B, IIA-B, and D as if fully set forth herein [Doc. 92 and 93].

### II.     Plaintiff's § 1983 Claims Should Be Dismissed.

Under *Monell*, an entity "may only be sued under § 1983 for unconstitutional or illegal municipal policies, and not for unconstitutional conduct of [its] employees." *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 691). The adoption or deliberate non-adoption of a "policy or custom" that violates a plaintiff's constitutional rights is the sole manner in which a [entity] can be held liable under §

4

1983. *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005). To plead a claim for municipal liability under § 1983, a plaintiff must plausibly allege that their constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of the plaintiff's rights. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) (citing *Monell*, 436 U.S. at 694 (internal citation omitted)). "In short, there must be a direct causal link between an official policy or custom of the [municipality] and an alleged constitutional violation. Otherwise, a Section 1983 claim will not lie." *Freeman v. Gay*, 2012 U.S. Dist. LEXIS 79559 (M.D. Tenn. June 7, 2012) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 19996)). This requires a showing "that the particular injury was incurred *because* of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (emphasis added).

Here, as made clear by the First Amended Complaint, the "moving force" behind Plaintiff VanNess's alleged injury is the Exclusion on transgender-related care. *See* First Amended Complaint, ¶¶ 173 ("*Absent the Exclusion*, claims for transgender-related care would be evaluated for medical necessity under BCBST's [the third party administrator of the plan] corporate medical policy and covered by program plans in the same manner as any other claim for medical, mental health, or pharmacy benefits. Furthermore, *absent the exclusion*, Plaintiffs would have the right to appeal any adverse determination to BCBST and an independent review organization, which has the authority to find the care is medically necessary and reconsider or reverse the adverse determination.") (emphasis added). However, the Plaintiffs also acknowledge that KCBOE does not determine the benefits or the plan terms. Instead, the State Committee and LE Committee are ultimately responsible for determining the plans' 'premiums,

benefits package, funding method, administrative procedures, eligibility provisions, and rules.'''

*Id.*, ¶ 155, PageID # 903 (quoting Tenn. Code Ann. § 8-27-202(a)-(b), 302(a)-(b)).

Further, KCBOE's policy of offering health insurance benefits to full-time employees through the Local Education Plan is completely voluntary. Policy E-200 states: "The Board shall make *available* group health insurance for all employees according to the rule established by the State Group Insurance program at established rates of employee contributions." KCBOE Policy E-200 attached hereto as **Exhibit A**.[1] Employees can opt-in or opt-out of the Local Education Plan and KCBOE does not require employees to maintain health insurance. *Id.* Upon obtaining employment in the Knox County School system in 2023, Plaintiff VanNess opted into the Local Education Plan even though the Plaintiff was aware of the Exclusion at the time of enrollment. *See* First Amended Complaint, ¶ 114 ("On October 29, 2021, Ms. VanNess received a notice from BCBST denying the pre-authorization request for coverage under the Local Education Plan. The notice cited the Program's Exclusion as the sole basis for denying coverage."). Still, Plaintiff chose to enroll in the Local Education Plan rather than obtaining health insurance through the Affordable Care Act marketplace or other private insurance which would not contain the Exclusion.

For the same reason, Plaintiff VanNess lacks standing to seek injunctive relief against KCBOE under § 1983, Title VII, or Title IX. The U.S. Constitution restricts the jurisdiction of federal courts to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. To establish a case or controversy, a plaintiff must (1) have suffered an injury in fact, (2) that is

---

[1] In ruling on a motion to dismiss, a court may take judicial notice of public records without converting it to a motion for summary judgment. *See Godboldo v. Cnty. Of Wayne*, 2017 U.S. App. LEXIS 6494, at *12-20 (6th Cir. Apr. 14, 2017), citing *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). This is particularly true when they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Because the Policy is both a public record and was referenced in the Complaint, the Court may consider it at this stage of the proceeding.

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The causation element of standing demands that the injury be fairly traceable to the challenged action of a defendant, rather than the result of independent action by some third party. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). When an injury is caused by an unconstitutional rule of law, the proper defendant is the state official who enforces that rule. *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

KCBOE has no control over the Local Education Plan. KCBOE does not determine the premiums, benefits package, funding method, administrative procedures, eligibility provisions, or rules for the Local Education Plan because those responsibilities are statutorily assigned to the LE Committee. *Id*. ¶¶31-32. . Nor does KCBOE administer benefits provided under the Local Education Plan or determine which benefits are covered or excluded. *Id*. Accordingly, no injunctive relief issued against KCBOE would address Plaintiff VanNess's alleged injury.

For these reasons, KCBOE respectfully requests that the Court dismiss Plaintiff VanNess's § 1983 claim against KCBOE.

### III. VanNess's Title IX Claim Fails to State a Claim.

#### A. Plaintiff's Claim is Time-Barred.

In Tennessee, the statute of limitations for Title IX claims is one year. *Bannister v. Knox Cnty. Bd. of Ed.*, 49 F.4th 1000, 1013 (6th Cir. 2022); *see also* Tenn. Code Ann. § 28-3-104(a)(1). A claim under Title IX accrues when the plaintiff "knows or has reason to know they were injured and that the defendant caused the injury." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 704 (6th Cir. 2022) Claims should be dismissed where, as here, "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676

F.3d 542, 547 (6th Cir. 2012) (citation omitted). As discussed above, Plaintiff VanNess was notified in October of 2021 that the State Plan excluded coverage for "surgery or treatment for, or related to, sex transformations." First Amended Complaint, ¶ 114, PageID # 894. Plaintiff VanNess received notice again from BCBST on March 2, 2022 that the Exclusion barred the requested procedure. *Id.*, ¶ 115. By that point, Plaintiff VanNess knew of the alleged injury and the alleged cause of the injury. This suit was not filed until May 24, 2023 after the expiration of the one-year statute of limitations. Accordingly, Plaintiff's Title IX claim against KCBOE should be dismissed.

### B. Plaintiff's Claim Fails on the Merit.

Title IX prohibits "discrimination under any education program or activity receiving Federal financial assistance," such as KCBOE "on the basis of sex." 20 U.S.C. § 1681(a). However, the Local Education Plan applies uniformly to all Plan participants and the Complaint does not identify what benefits are available to women, but not men and vice versa. Moreover, the Program excludes other services, uniformly for all participants. Further, there is no indication that the protection granted to transgender status under Title VII applies with full force to Title XI. "Title VII differs from Title IX in important respects" and "it does not follow that principles announced in the Title VII context automatically apply in the Title IX context." *Meriwether v. Hartop*, 992 F.3d 492, 510 n.4 (6th Cir. 2021); *see also Rosa H. v. San Elizario Independent Sch. Dist.*, 106 F.3d 648, 657 (5th Cir. 1997) ("[W]e should be reluctant to treat Title IX's anti-discrimination provisions in the same way that we treat Title VII's provisions."). This view is in accord with the Supreme Court's narrow holding in *Bostock*. In *Bostock*, the Court expressly limited its holding to terminations based on transgender status. *Bostock*, 140 S.Ct. at 1753 ("The only question before us is whether an employer who fires someone simply

Case 3:23-cv-00535   Document 95   Filed 12/06/23   Page 8 of 11 PageID #: 1221

for being homosexual or transgender has discharged or otherwise discriminated against that individual 'because of such individual's sex.'"). *Bostock* specifically stated that questions regarding Title IX "are for future cases, not these." *Id*.

For these reasons, Plaintiff VanNess's Title IX claim should be dismissed.

## CONCLUSION

For the foregoing reasons, KCBOE respectfully requests that the Court grant their motion and dismiss each of Plaintiff's claims against it as a matter of law.

Respectfully submitted.

s/ *Jessica Jernigan-Johnson*
Jessica Jernigan-Johnson (BPR #032192)
David M. Sanders (BPR #016885)
Senior Deputy Knox County Law Director
400 Main Street, Suite 612
Knoxville, TN  37902
(865) 215-2327
*Attorneys for Knox County*
*Board of Education*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

9

Ezra Cukor (admitted *pro hac vice*)
Z Gabriel Arkles (admitted *pro hac vice*)
Andrea Green (admitted *pro hac vice*)
Shayna Medley (admitted *pro hac vice*)
TRANSGENDER LEGAL DEFENSE
   AND EDUCATION FUND, INC.
520 8th Ave, Ste. 2204
New York, NY 10018
ecukor@transgenderlegal.org
garkles@transgenderlegal.org
agreen@transgenderlegal.org
smedley@transgenderlegal.org

J. Scott Hickman (No. 17407)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Ave. South, Suite 1100
Nashville, TN 37201
shickman@srvhlaw.com

Phillip F. Cramer (No. 20697)
SPERLING & SLATER, LLC
150 3rd Ave. South, Suite 1100
Nashville, TN 37201
pcramer@sperling-law.com

Darren Teshima (admitted *pro hac vice*)
Udit Sood (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
DTeshima@cov.com
USood@cov.com

Natalie Ritchie (admitted *pro hac vice*)
Elaine H. Nguyen (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
850 Tenth Street, NW
Washington, D.C. 20001-4956
NRitchie@cov.com
ENguyen@cov.com

Robert Winson (admitted *pro hac vice*)
COVINGTON & BURLING, LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643

10

RWinson@cov.com
*Counsel for Plaintiffs*

Ryan N. Henry
Tennessee Attorney General's Office
500 MLK Jr. Blvd.
Nashville, TN   37243
(615) 532-2935
Ryan.henry@ag.tn.gov

Steven James Griffin
Tennessee Attorney General's Office
P. O. Box 20207
Nashville, TN 3 7202
steven.griffin@ag.tn.gov
*Counsel for State Defendants*

s/ *Jessica Jernigan-Johnson*
JESSICA JERNIGAN-JOHNSON
